**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────

**RAYON M. JAMES,**

                   **Plaintiff,**

      **v.**                               **05-CV-0233**

**LOCKHEED MARTIN CORP.,**

                   **Defendant.**

───────────────────────────────────

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### DECISION & ORDER

## I. INTRODUCTION

Plaintiff commenced this action on February 24, 2005 asserting state law claims for

defamation against his former employer, Knolls Atomic Power Laboratory, Inc. ("KAPL"), and

KAPL's parent corporation, Lockheed Martin Corp. ("LMC") .  See Compl. doc. # 1.  Plaintiff

asserted in the Complaint that the Court had subject matter jurisdiction over the action pursuant to

28 U.S.C. § 1332 based upon the presumed diversity of citizenship of the parties and an amount in

controversy in excess of $75,000.00. Comp. ¶¶ 5, 8-9 (doc. # 1).  After the Complaint was filed but

before Defendants answered, an attorney representing Defendants notified Plaintiff's counsel that

KAPL was a New York citizen and, therefore, complete diversity did not exist. Correa Aff. ¶ 6 and

Ex. C.  Plaintiff then filed the Amended Complaint naming only LMC as defendant, but asserting

the same factual basis for the defamation claim as that asserted in the Complaint. See Am. Comp.

doc. # 4.  Presently before the Court is LMC's motion to dismiss the Amended Complaint pursuant

to Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party under Rule 19,  and pursuant to

Fed. R. Civ. P. 12(b)(1) for lack of  subject matter jurisdiction.  In opposition to the motion,

Plaintiff's counsel concedes that he "amended the complaint to remove KAPL for the purpose of

preserving diversity jurisdiction." Pl. Mem., p. 1 (doc. # 10 ).  Counsel further asserts:

> My sole contention on the instant motion is that it is in the interest of judicial
> economy for the Court to hold off on dismissing this case for a few months. Should
> this case be dismissed on the instant motion, we will file a complaint with the EEOC.
> That  will eventually bring us back to this Court with the same claim along with
> additional claims for employment discrimination.

Id.

 For the reasons that follow, the motion is GRANTED and the action is DISMISSED.

**II.     FACTS**

Rayon M. James ("Plaintiff") is a resident of Colonie, NY,  Am. Comp. ¶ 7,  and was at all

relevant times an employee of  KAPL, a Delaware corporation with its principal place of business in

Niskayuna, N.Y.  Correa Aff.   ¶ ¶ 3, 8-12 and Ex. D-H.  Lockheed Martin Corp., KAPL's parent

corporation, is incorporated in the State of Maryland with a principle office in Bethesda, Maryland,

with some operations in Niskayuna, New York.  Correa Aff. ¶ 3.

Plaintiff asserts that he worked for "defendant" from June 28 - November 29, 2004, at which

time he was terminated. Am. Comp.  ¶¶ 9-10.  He contends that his termination letter contained

false information. Id. at  ¶¶ 11-15.  "In late July or early August of 2004, Plaintiff was a candidate

for the position of Special Agent with the Federal Bureau of Investigation (FBI), under a conditional

letter of appointment."  Id. ¶ 16.  "As a part of the employment process, FBI investigators met with

defendant's employees to discuss plaintiff's credentials." Id. ¶ 17. " Defendant's employees,

including plaintiff's supervisors," purportedly provided false and defamatory information about Plaintiff to the FBI investigators. Id. ¶¶ 18-38.[1]  The FBI rescinded the conditional letter of appointment, purportedly because of the defamation by defendant and its employees. Id. ¶¶ 39-43. This action, also premised solely on diversity jurisdiction, followed.

## III.    STANDARD OF REVIEW

### A. The Standard Under Fed. R. Civ. P. 12(b)(1)

In deciding a Rule 12(b)(1) motion, "a court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Solow  v. Stone, 994 F. Supp. 173, 178 (S.D.N.Y. 1998).  Evidentiary matters relevant to the jurisdictional challenge presented by affidavit or otherwise may be considered by the Court.  Kamen v. AT & T, 791 F.2d 1006, 1011 (2d Cir. 1986).  Consideration of matters outside the pleadings does not convert the Rule 12(b)(1) motion to a motion for summary judgment under Fed. R. Civ. P.  56.  See Kamen, 791 F.2d at 1011. Rule 56 is relevant, however, in guiding the Court's analysis of evidence submitted outside the pleadings and in dealing with factual issues raised in the Rule 12(b)(1) motion.  See Exchange Nat'l Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976).  Similar to a Rule 56 motion, "a party opposing a Rule 12(b)(1) motion cannot rest on the mere assertion that factual issues may exist." Exchange Nat'l Bank, 544 F.2d at 1131.

### B.  The Standard Under Fed. R. Civ. P. 12(b)(7) and 19

Rule 12(b)(7) of the Federal Rules of Civil Procedures permits a motion to dismiss an action when there is a failure to join an indispensable party under Rule 19. FED. R. CIV. P. 12(b)(7); see

---

[1] There is no dispute that the supervisors and employees referred to in the Amended Complaint worked at, and for, KAPL. Correa Aff. ¶8; Pl. Mem., p. 1 ("I have reviewed defendant's motion papers and agree generally with the facts as stated therein.").

Frink Am., Inc. v. Champion Rd. Mach. Ltd., 961 F. Supp. 398, 405 (N.D.N.Y. 1997) (McAvoy, J.).

> Rule 19 in turn provides a two-step process to determine whether an action may proceed in a party's absence.  Rule 19(a) first provides that a person subject to service of process "whose joinder will not deprive the court of subject matter jurisdiction" must be joined (1) if full relief may not be granted among those already parties in the person's absence;  or (2) if the person has an interest in the subject matter of the action, and disposition of the action in that person's absence would either impede the person's ability to protect that interest, or leave the original parties subject to multiple or inconsistent obligations.  FED .R. CIV. P. 19(a).

> Second, if the person is determined to be a "necessary" party under Rule 19(a) but cannot be joined (either because they are not amenable to service of process or would deprive the court of subject matter jurisdiction), the Court must determine whether the person is "indispensable," i.e., whether the action must be dismissed due to the person's absence.  Id.;  see generally  7 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure*, § 1604 at 41 (1986)

Frink, 961 F. Supp. at 405 ; see RPR & Assoc. v. O'Brien/ Atkins Assoc., P.A., 921 F. Supp. 1457, 1463  (M.D. N.C. 1995), aff'd, 103 F.3d 120 (4th Cir. 1996).[2]

"When making a Rule 19 determination, the Court may consider evidence outside of the pleadings." Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 201 F.R.D. 337, 340-41 (D. Del 2001), aff'd 65 Fed. Appx. 803, 2003 WL 1919361  (3rd Cir.  Apr 23, 2003) (unpublished decision); see A&M Gregos, Inc. v. Robertory, 384 F. Supp 187, 193-4 n.16  (E.D. Pa. 1974).  If a party is indispensable but cannot be joined, the action must be dismissed.  Lopez v. Shearson American Express, Inc., 684 F. Supp. 1144, 1149-50 (D. P.R. 1988).

---

[2] In RPR, the Middle District of North Carolina wrote:

> On a motion under Rule 12(b)(7), the court initially determines if the absent party should be joined as a party in accordance with the criteria set forth in Rule 19(a).  If the court finds that the party is indeed necessary, the party will be ordered into the action.  When the absent party cannot be joined, the court will determine, by analyzing the factors described in Rule 19(b), whether to proceed without the absent party or to dismiss the action.  7 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1609 (1986).

## IV.     DISCUSSION

It is well settled that for a civil action to be heard in a federal court on the basis of diversity jurisdiction, there must be complete diversity between the opposing parties.  28 U.S.C. § 1332.  If diversity jurisdiction is defeated by opposing parties having a common citizenship, the action must be dismissed for lack of subject matter jurisdiction.  See  FED. R. CIV. P. 12(h)(3).[3]   In addition, if one party fails to join a necessary and indispensable party for the sole purpose of maintaining complete diversity, the action must be dismissed pursuant to FED. R. CIV. P. 12(b)(7).  Jurimex, 201 F.R.D. at 340-41.

"Generally, when a plaintiff seeks to hold a parent company liable for the conduct of the parent's subsidiary, the subsidiary is a necessary and indispensable party under Rule 19."  Jurimex, 201 F.R.D. at 340 (citing  Polanco v. H.B. Fuller Co., 941 F. Supp. 1512, 1520-22 (D. Minn. 1996)(collecting cases and holding that subsidiary was an indispensable party)); see Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 559 (5th Cir. 1985)(Joinder of the subsidiary is required when the subsidiary is a "major participant in the activities" and whose presence is "critical to the disposition of the important issues in the litigation." );  Vedder Price Kaufman & Kammholtz v. First Dynasty Mines, Ltd., 2001 WL 1190996 (S.D.N.Y. 2001) (Holding in a contract action that dismissal in the subsidiary's absence was warranted because the claims were part of a dispute "involving a bundle of rights that indispensably [required] the presence of the principal obligor," the subsidiary, to resolve.);  Lopez, 684 F. Supp. at 1147 (Under Rule 19, "where the subsidiary is the primary participant in a dispute involving both the parent and the subsidiary," the subsidiary is a

---

[3] Rule 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

necessary and indispensable party.); <u>Japan Petroleum Co. (Nigeria), Ltd. v. Ashland Oil, Inc.</u>, 456 F.Supp. 831, 836 (D. Del. 1978)(holding that when subsidiary, not parent, signed a contract, the subsidiary may be the only party liable for the obligations under the contract and is therefore a necessary party under Rule 19(a)). Here, there is no dispute, nor can there be, that KAPL is a necessary and indispensable party on the defamation claim asserted in the Amended Complaint.

KAPL is necessary for just adjudication because KAPL's principal role in this dispute is such that its presence is critical to the disposition of the defamation allegations. Plaintiff was at all relevant times employed by KAPL and all, or nearly all, of the events complained of by Plaintiff occurred at KAPL. Correa Aff. ¶ 5. Further, the employees and supervisors who perpetuated the purported misconduct worked for KAPL. Correa Aff. ¶ ¶ 2, 14. KAPL will have intimate knowledge of the circumstances surrounding the defamatory statements and the incidents themselves. In the absence of KAPL, the primary participant to these events, it would be impossible to administer complete relief and would subject LMC to a substantial risk of incurring obligations that are inconsistent with its duties. Furthermore, KAPL has a significant interest to defend itself against any possible judgments obtained against LMC and to protect itself against any future litigation. However, a judgment rendered against LMC in KAPL's absence would greatly prejudice KAPL because it could impair the subsidiary's ability to defend itself against subsequent lawsuits.

Like in <u>Jurimex</u>, the Court concludes that

the factors under Rule 19(b) advise against allowing this litigation to proceed without [KAPL] being joined. A judgment against [LMC] would undoubtedly prejudice [KAPL], whose conduct is largely at issue in this case. The Court fails to see how a judgment in this litigation could be rendered that would avoid this prejudice if [KAPL] were not joined. A judgment in [LMC's] favor would not be "adequate" because Plaintiff[] could subsequently sue [KAPL] in a different forum based on essentially the same facts, while a judgment in Plaintiff['s] favor may be "hollow"

6

because the proper defendant was never joined.

Jurimex, 201 F.R.D. at 340-41.

Therefore, the Court concludes that KAPL is a necessary and indispensable to this action. Because there is no dispute that joining KAPL would eliminate the only basis for subject matter jurisdiction in this case, the case must be dismissed. This determination ends any ability by the Court to make any further decisions in this case, including Plaintiff's request to delay adjudication of this motion and immediate dismissal of this action.

V.      **CONCLUSION**

For the reasons set forth above, Plaintiff's Amended Complaint is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**  The dismissal is without prejudice.


**IT IS SO ORDERED**.

DATED:July 26,2005

Thomas J. McAvoy
Senior, U.S. District Judge

7